<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATIE A. FLETCHER, <br><br> Plaintiff, <br><br> v. <br><br> JACQUELYN ARRIETA <br><br> Defendants. | Civil Action No. 2:14-cv-6933 (JLL) (JAD) <br><br> **OPINION** |

**LINARES**, District Judge

This matter comes before the Court upon Defendant, Jackelynn Arrieta's[1] Motion to Dismiss. (ECF No. 7). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the Parties' submissions, and for the reasons stated below, Defendant's Motion to Dismiss, (ECF No. 7), is **GRANTED**.

**I. BACKGROUND**

Plaintiff, Katie Fletcher, who is proceeding *pro se*, commenced this action alleging employment discrimination and defamation. Prior to filing her operative Complaint, Plaintiff filed charges against her employer, UPS, with the N.J. Division of Rights on June 4, 2014 regarding the discriminatory conduct at issue. (ECF No. 1, ¶6). The Equal Employment Opportunity Commission (hereinafter "EEOC') issued a Notice-Of-Right-To-Sue letter (hereinafter the "Right to Sue Letter") which Plaintiff received on August 22, 2014. (ECF No. 1, ¶8). Plaintiff

---

[1] Defendant is improperly identified in the Complaint as "Jacquelyn Arrieta." (Def. Br., ECF No. 7 at 1).

subsequently filed a Complaint on November 6, 2014 against Defendant, her co-worker, seeking relief pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination and attaching the Right to Sue Letter. (ECF No. 1, ¶1). Thus, jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e-5. (Id.). Plaintiff resides in Newark, New Jersey, while Defendant, according to the Complaint, resides in Hudson County, New Jersey. (ECF No. 1, ¶¶2, 3). On February 6, 2015, a notice that the Summons, not the Complaint was served was docketed. (ECF No. 6).

Plaintiff states in the Complaint that this suit was brought as a result of the termination of her employment with UPS. (ECF No. 1, ¶9). Plaintiff's description of the discriminatory conduct states only "Defamation [of] my character." (ECF No. 1, ¶10). Attached to the Complaint, Plaintiff submits a letter to the Court describing her allegations in somewhat more factual detail and seeks "$75,000.00 for los[s] of job, court fee, pain and suffering." (Id. at p. 5). Plaintiff describes an incident that she believes lead to her termination and is therefore the subject of this case.

On February 21, 2014, Plaintiff was involved in a verbal disagreement with Defendant as to the location of a work van at her place of employment. (Id. at p. 6). While the disagreement appeared to have started over the phone, Plaintiff approached Defendant later that day in-person. (Id.). Defendant called Plaintiff a liar, which prompted Plaintiff to step towards Defendant in an apparent attempt to hug Defendant, according to Plaintiff. (Id.). Plaintiff states she believes her movement was improperly viewed by Defendant as aggression and therefore the "situation was completely out of control." (Id.). Plaintiff then went to the hallway and told Defendant she was willing to talk to security about the incident. (Id.). When security arrived Plaintiff stated that while she "may have touched [Defendant's] shoulder," she did "not hurt her in any way." (Id.).

Plaintiff then returned to her shift for the day. (Id.).[2]  Subsequently, Plaintiff was asked to participate in an "interview" with human resources related to the incident. While Plaintiff's recount of this "interview" is unclear, Plaintiff states that it lasted three hours and she was asked to "write out what happen[ed]" three times. (Id. at p. 7). Plaintiff was subsequently terminated from her employment with UPS on February 28, 2014 and was not informed of the process used to reach this decision. (Id. at p. 6).

Defendant filed the current Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6). (ECF No. 7). According to Defendant, Plaintiff's Complaint was never properly served, and in any event, is legally and factually insufficient in the following four regards: 1) Plaintiff failed to exhaust her mandatory administrative remedies on her Title VII claim against Defendant; 2) Defendant cannot be held individually liable under Title VII; 3) Title VII does not provide a cause of action for defamation; and 4) Plaintiff fails to plead facts to support a defamation claim. (Def. Br., ECF No. 7 at 2). While Plaintiff initially missed the deadline to submit opposition papers to Defendant's Motion, this Court, in light of Plaintiff's *pro se* status, *sua sponte* granted an extension. (Order, ECF No. 8). Plaintiff timely submitted a letter which this Court construes as her opposition. (ECF No. 9). Therein, Plaintiff alleges a few additional facts relevant to this case. Plaintiff, for the first time, explains that she is of African-American descent while Defendant, Ms. Chapin (who was present during Plaintiff's "interview"), and the security guard at the scene of the incident are each of Hispanic descent. (ECF No. 9 at 1). Plaintiff also indicates that two witnesses of the incident were never interviewed during UPS' investigation and attaches one witness' statement of the incident. (Id. at 1-2). However, even when applying a

---

[2] Curiously, Plaintiff states that she later learned it was actually a "Ms. Jackson" who she touched, not Defendant. (Id.).

liberal construction to Plaintiff's Complaint and alleged causes of action, this Court must grant Defendant's Motion to Dismiss.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

### B. Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5)

Rule 12(b)(5) permits a court to dismiss a case for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm 't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir.1993). According to Fed. R. Civ. P. 4(c) and 4(m), a plaintiff must serve the defendant with a valid Summons and copy of the Complaint within 120 days of the initial filing of the Complaint. If a defendant is not served within 120 days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified period of time. But if the plaintiff shows good

cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). This Court may not exercise its power over a party the complaint names as a defendant in the absence of service of process, or waiver thereof. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l Ltd. v.. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Otherwise, the Court is without personal jurisdiction over that defendant. *Id.*

## III. DISCUSSION

Dismissal is warranted in this case pursuant to both Fed. R. Civ. P. 12(b)(5) as well as 12(b)(6). Indeed, Plaintiff failed to serve both the Summons and Complaint pursuant to Rule 4. Further, while Plaintiff's Complaint and subsequent letter to the Court fails to distinguish her causes of action, is clear that Plaintiff attempts to allege both employment discrimination under Title VII and defamation, however, each of these claims fail.

### A. Plaintiff's Claim for Employment Discrimination and Defamation

Title VII makes it unlawful for an "employer" to discriminate. 42 U.S.C. § 2000e–2(a)(1). To the contrary, Plaintiff's claims under Title VII in this case are directed against an individual, namely, a co-worker, not her employer. An "employer" is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." 42 U.S.C. § 2000e(b). The Third Circuit has declined to extend liability under Title VII to individuals, such as Defendant, holding the term "employer" as used in Title VII does not encompass individual employees. *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061,

1078 (3d Cir. 1996). Accordingly, Plaintiff's Title VII claim against Defendant is not permitted by Title VII and is dismissed.

Under New Jersey law, defamation consists of: (1) a defamatory statement; (2) concerning the plaintiff; (3) which was false; (4) that was communicated to someone other than the plaintiff; (5) with fault at least amounting to negligence; and (6) damages. *Cristelli v. Filomena II, Inc.*, No. 99–2862, 1999 WL 1081290, at *2 (D.N.J. Dec.1, 1999) (citing *Monroe v. Host Marriott Serv. Corp.*, 999 F.Supp. 599, 603 (D.N.J.1998)); *DeAngelis v. Hill*, 180 N.J. 1, 847 A.2d 1261, 1267–68 (N.J.2004) (citing *Restatement (Second) of Torts*, § 558)). The Complaint does not allege the precise words alleged to be defamatory. The Complaint also fails to allege how or if these statements were false. It is only in Plaintiff's Opposition to the instant Motion that she states Defendant "did not tell the truth in the statement she provided to the Human Resources Department of UPS." (ECF No. 9 at 1). Plaintiff, however, must plead any such allegations in the Complaint, not in her motion papers. In any event, Plaintiff's statement is insufficient to state a claim for defamation as a "false and defamatory statement" is not described with enough reference to provide sufficient notice to Defendant of the allegations made against her. *Cristelli v. Filomena II, Inc.*, Civ. No. 99–2862, 1999 WL 1081290, at *3 (D.N.J. Dec. 1, 1999). Plaintiff's calim for defamation is therefore dismissed.

The Court is mindful that *Pro se* complaints are to be "liberally construed" and "however inartfully plead, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). A *pro se* complaint may be dismissed for failure to state a claim only if it appears " 'beyond [a] doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (quoting *Conley v. Gibson*, 355

U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). With this in mind, the Court dismisses Plaintiff's Complaint without prejudice.

The Court also notes that if Plaintiff's Title VII claims are dismissed with prejudice, this Court will not exercise jurisdiction over her claim for defamation without concluding there is diversity among the Parties. "To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). Plaintiff already seeks $75,000.00 in damages, therefore meeting the amount in controversy threshold. However, as the Court permits Plaintiff to file an amended complaint, such should include the address of Defendant so this Court may properly determine if there is subject matter jurisdiction.

**B. Service of Process**

Pursuant to Fed. R. Civ. P. 4(c), a plaintiff must serve the defendant with a valid Summons *and copy of the Complaint.* (emphasis added). Plaintiff has only served the Summons in this case. As previously indicated, the Court is aware that plaintiff is acting *pro se,* entitling her to more leniency in certain matters than an experienced attorney would receive. Further, Rule 4(m) gives a plaintiff 120 days from the date the complaint is filed in which to serve the defendant. Even if Plaintiff was initially unaware that her service of process had been insufficient, Rule 4(m) allows her 100 additional days (after Defendant filed the motion to dismiss) to lawfully re-serve defendant. With this in mind Plaintiff shall be granted the opportunity to rectify her mistake and perfect service upon Defendant.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, (ECF No. 7), is **GRANTED**. The Court dismisses Plaintiff's Title VII claims without prejudice. Plaintiff shall have thirty days to file an amended complaint that contains facts sufficient to make out a prima facie case under Title VII and may replead her defamation claim at that time. Plaintiff's failure to: 1) perfect service of process in accordance with this Opinion; or 2) file an amended complaint on or before **May 20, 2015,** will result in dismissal with prejudice, upon Defendant's motion. An appropriate Order accompanies this Opinion.

Dated: April 20 2015

JOSE L. LINARES
U.S. DISTRICT JUDGE